UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ZAYER A. ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>M. GARRETT, *et al.*,<br><br>    Defendants. | No. 5:23-CV-164-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Zayer A. Adams is currently confined at the Western Kentucky Correctional Complex in Fredonia, Kentucky. Proceeding *pro se*, Adams previously filed a medical negligence Complaint against Defendants University of Kentucky ("UK") Health Care, four individual physicians employed by UK (Dr. Evan B. Lynch, Dr. Morgan S. Brgoch, Dr. Paul J. Spicer, and Dr. Garrett), and UK medical student Narayan Raghava. *See* DE 1. Adams filed this action in the United States District Court for the Western District of Kentucky. However, after review of Adams's Complaint, Judge Joseph McKinley of the Western District determined that, because a substantial part of the events set forth in the Complaint occurred in the Eastern District of Kentucky, proper venue for this action would lie within this judicial district. *See* DE 16. Thus, on May 26, 2023, this case and all pending motions were transferred to this Court. *See id*.

First, although Adams previously filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, DE 2, after entry of a Notice of Deficiency regarding Adams's failure to submit a Prisoner Trust Account Statement in support of his motion, DE 4, Adams paid

1

the filing fee in full. *See* December 15, 2022 Docket Entry Text. Thus, Adams's motion to proceed *in forma pauperis* will be denied as moot.

Next, Adams filed a "Motion for Court Order" requesting that the Court enter an order enabling him to obtain pictures of his injured hand as "evidence of the malpractice of [his] surgeries to show how [his] hand was done." DE 9 at 1. He also states that he needs to subpoena two individuals to testify on his behalf. *Id*. at 1–2. However, this motion is premature until discovery has commenced, which will not occur until Defendants have been properly served, filed a response to Adams's Complaint, and/or any initial dispositive motions have been resolved. *Cf. Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (finding that, notwithstanding the party's argument that he could not obtain certain information needed to plead a claim with particularity absent discovery, "there is no general right to discovery upon filing of the complaint"). Once these steps have occurred, the Court will enter a scheduling order governing discovery and other pretrial matters, if necessary. *See* Fed. R. Civ. P. 16(b). Should this case proceed to the discovery phase, Adams may renew his request in compliance with the scheduling order. However, because Adams's request is premature at this time, his motion will be denied without prejudice. *See Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007).

Adams also filed a Motion for Default Judgment on the grounds that Defendants have failed to plead or otherwise defend against his claims. *See* DE 20. However, according to the docket, Defendants have not been served with summons and a copy of the Complaint as required by Fed. R. Civ. P. 4(c)(1), thus they have been under no obligation to file an answer or otherwise respond to Adams's Complaint. Accordingly, Adams's motion requesting default judgment against them will be denied without prejudice.

Finally, before this matter may proceed further, the Court must resolve whether it has subject-matter jurisdiction over Adams's claims. Adams's Complaint relates to surgery on his hand that was performed at UK Health Care in 2022, as well as follow-up treatment that he received. *See* DE 1. Specifically, Adams claims that, during the surgery, Dr. Lynch failed to remove a spring and a piece of glass, leaving scar tissue. *See id*. at 4. He also claims that Dr. Lynch told Adams that Adams would be returning to UK for a second visit to remove the spring, but he was instead transferred to "this facility" (presumably the Western Kentucky Correctional Complex) with his hand swollen and in worse shape than it was before the surgery. *See id.* He alleges that this "malpractice" and "negligence" has rendered him unable to use his hand. *See id*.

However, federal courts are courts of limited jurisdiction and may only entertain cases that fall within their statutorily defined subject-matter jurisdiction. Accordingly, the Court has an omnipresent "duty to consider [its] subject[-]matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010) (quoting *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000)) ("The presence or absence of jurisdiction to hear a case is the 'first and fundamental question presented by every case brought to the federal courts.'").

Federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Farmer*, 386 F. App'x at 556 (citation omitted). Thus, as the party asserting that the Court has jurisdiction over his claims, Adams bears the burden of establishing such. *See Chevalier v. Estate of Barnhart*, 803 F.3d 789,

3

794 (6th Cir. 2015) (*citing Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011)). To meet that burden, a plaintiff must "[plead] sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(1) (requiring a pleading stating a claim for relief to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support").

Adams's Complaint does not include any statement of the grounds for this Court's jurisdiction, nor is a potential jurisdictional basis otherwise evident from Adams's allegations. Rather, Adams's allegations appear to confirm that this Court does *not* have jurisdiction over his claims. One avenue for federal subject-matter jurisdiction exists where there is complete diversity of citizenship between the parties and the plaintiff seeks damages in excess of $75,000.00. 28 U.S.C. § 1332(a). However, § 1332(a) requires "complete diversity" between plaintiffs and defendants, meaning that no defendant may be a citizen of the same state as the plaintiff. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472–73 (1996)). Here, Adams links each party to the Commonwealth of Kentucky; he does not allege citizenship of any party and thus does not establish a basis for diversity jurisdiction.

A federal district court may also exercise "federal question" jurisdiction over "all civil actions arising under the . . . laws . . . of the United States" pursuant to 28 U.S.C. § 1331. "A claim arises under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or [the federal] Constitution.'" *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006) (quoting *Louisville & Nashville R. Co. v. Mottley,* 29 S. Ct. 42, 43 (1908)). However, although Adams filed his Complaint using the Western District of Kentucky's

4

"Civil Rights Complaint to be Used by a *Pro Se* Prisoner Under 42 U.S.C. § 1983 or Under *Bivens v. Six Unknown Fed. Narcotics Agents*," *see* DE 1, his Complaint does not allege a constitutional claim and/or claim arising under federal law. Rather, Adams repeatedly indicates that his claims against Defendants are based upon his allegations of medical negligence, which are claims that arise under state, not federal, law. Thus, "federal question" jurisdiction likely does not exist over Adams's claims.[1]

Federal Rule of Civil Procedure 12(h)(3) requires dismissal if the Court "determines at any time that it lacks subject-matter jurisdiction." However, because "a district court generally may not dismiss a complaint *sua sponte* without first giving notice to the plaintiff," *Brent v. Wayne Co. Dept. of Human Services*, 901 F.3d 656, 700 (6th Cir. 2018), the Court will direct Adams to show cause in writing why the Court should not dismiss this case for lack of jurisdiction. If Adams fails to respond to this Show Cause Order within the time provided below, the Court will dismiss his Complaint without prejudice for the reasons stated herein, as well as for the failure to comply with a Court order. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding that a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

For all the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 2**,** Adams's Motion for Leave to Proceed *in forma pauperis*, **as moot**;

2. The Court **DENIES** DE 9, Adams's Motion for Court Order, **without prejudice**;

3. The Court **DENIES** DE 20, Adams's Motion for Default Judgment **without prejudice**; and

---

[1] There is a stray reference to race discrimination, *see* DE 1 at 5, but Plaintiff does not, yet at least, refer to a statutory or other cause of action, against these defendants, premised on race.

4. The Court **ORDERS** Adams to **SHOW CAUSE** in writing within **twenty-one (21) days** of this Order for why this action should not be dismissed without prejudice for lack of jurisdiction. **Adams is warned that this action will be dismissed if he fails to comply with this Order within the time directed.** This is Adams's chance to demonstrate to the Court that there is jurisdiction to proceed.

This the 2nd day of August, 2023.

Signed By:
*Robert E. Wier*
United States District Judge